UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD JONES,                                    Case No. 07-14881

           Plaintiff,                         Bernard A. Friedman
                                                  United States District Judge

v.

                                                  Michael Hluchaniuk
JAMES MILLER,                                     United States Magistrate Judge

           Defendant.

_____/

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 13)**

**I.    PROCEDURAL HISTORY**

On October 24, 2007, plaintiff filed the present cause of action alleging

violations of his Constitutional rights pursuant to 42 U.S.C. § 1983.  The

complaint was originally filed in the Western District of Michigan and

subsequently transferred to the Eastern District of Michigan by order dated

November 7, 2007.   On November 26, 2007, the case was referred to Magistrate

Judge Charles E. Binder, for all pretrial matters.  (Dkt. 4).  On January 14, 2008,

this case was reassigned from Magistrate Judge Binder to the undersigned.  (Dkt.

7).  Plaintiff's application to proceed without prepayment of fees was granted on

January 28, 2008.  (Dkt. 8).

On May 9, 2008, defendant filed a motion for summary judgment.  (Dkt.

13).  An order requiring plaintiff to respond to the motion for summary judgment

by June 9, 2008 was entered on May 14, 2008.  (Dkt. 14).  Plaintiff filed his

response to the motion for summary judgment on May 27, 2008.  (Dkt. 15).

It appears that the motion for summary judgment can be decided without

further information or arguments from the parties and, based on the submissions of

the parties, it is **RECOMMENDED** that defendant's motion for summary

judgment be **GRANTED.**

## II.    STATEMENT OF FACTS

### A.    Chronology of Events

On December 16, 2007, plaintiff was a prisoner in the custody of the State

of Michigan, housed in the Gus Harrison Correctional Facility (ARF), in Adrian,

Michigan.  (Dkt. 1).  On that date he was approached by defendant, a corrections

officer, and was directed to submit to a "shakedown."  According to plaintiff,

defendant inappropriately touched him during the "shakedown" and, when

plaintiff objected, defendant allegedly threatened him with a "sexual misconduct"

after which plaintiff threatened defendant with a "grievance."  (Dkt. 1, ¶ IV).

Plaintiff further alleges that he was later approached by another inmate who told

plaintiff that defendant had said if plaintiff dropped the matter defendant would

not pursue the "sexual misconduct" charge against plaintiff.  *Id*.  Plaintiff filed a grievance later that day against defendant after which defendant filed a "major misconduct report" against plaintiff accusing him of harassing and degrading defendant during the search of plaintiff's person, the "shakedown," conducted earlier in the day.  *Id*.

Plaintiff's grievance against defendant was denied on December 19, 2006, but plaintiff sought to have it reviewed at the second step of the three step grievance process.  At a hearing held on January 9, 2007, plaintiff was found guilty of the conduct he was accused of in the major misconduct report.  *Id*.  On January 19, 2007, plaintiff's step II grievance was denied and he asked, on the same day, that it be reviewed at the step III level.  On February 1, 2007, defendant attempted to conduct another "shakedown" of plaintiff and plaintiff refused claiming that he did not think it proper due to the pending grievance that plaintiff filed against defendant.  Defendant filed a second major misconduct report accusing plaintiff of disobeying an order with respect to the incident on February 1, 2007.  On February 2, 2007, plaintiff filed a second grievance against defendant, accusing defendant of harassment.  On February 13, 2007, a third major misconduct report was filed, this time by another corrections officer, accusing plaintiff of making false accusations in the grievance he filed on December 16,

Report and Recommendation
Defendant's Motion for Summary Judgment
*Jones v. Miller*; Case No. 07-14881

2006.  On the same day, the second grievance plaintiff had filed against defendant was denied.

On February 20, 2007, a hearing was held on the second misconduct report filed against plaintiff and he was found guilty of disobeying defendant's order for the "shakedown."  The hearing relating to the third misconduct report was held and defendant was found guilty of making false statements in the grievance he filed on December 16, 2006.  Defendant filed an additional major misconduct report regarding an incident on October 9, 2007, but the disposition of that misconduct report is not reflected in the record.

B.     Plaintiff's Complaint

Plaintiff claims entitlement to relief pursuant to 42 U.S.C. § 1983, alleging that he was denied his "Constitutional rights in many aspects." He claimed that defendant violated his "Due Process rights" and that defendant "intentionally [did] harass and degrade" him.  Plaintiff seeks compensatory and punitive economic damages and injunctive relief in order to have "all relevant tickets" expunged. (Dkt. 1, ¶ V).  To some extent, it is not clear exactly what plaintiff is claiming with respect to a constitutional violation but, when the complaint is read with plaintiff's response to the motion for summary judgment, it appears that plaintiff contends (1) that his First Amendment rights were violated by defendant retaliating against

plaintiff because plaintiff filed a grievance against defendant, (2) that plaintiff's Eighth Amendment rights were violated by what he claims was a "sexual assault" committed by defendant, and (3) that plaintiff's due process rights under the Fourteenth Amendment were violated as a result of the hearings related to the misconduct violations with which he was charged.

Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 (1984); *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988). Plaintiff claims that the above noted conduct violated his constitutional rights and, therefore, establishes a proper basis for a suit under § 1983.

C.     Defendants' Motion for Summary Judgment

Defendants filed a motion for summary judgment pursuant to Rule 56(b) claiming (1) that plaintiff failed to properly allege a first amendment "retaliation" claim because plaintiff was not engaged in protected conduct prior to action being taken against him in that he filed a false and frivolous grievance, which is not protected conduct, (2) that plaintiff cannot make a due process challenge to the misconduct proceedings initiated against him because such a challenge would call into question the validity of the administrative procedures through which he was

found guilty and that is not allowed without the procedures being first overturned or favorably terminated, and (3) that the Eleventh Amendment bars suits against a prison official sued in his official capacity and the doctrine of qualified immunity bars the suit against defendant personally.

## III.   DISCUSSION

### A.   Standard of Review

Summary judgment is appropriate under Rule 56(b) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995), the court stated the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the non-moving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

A genuine issue of material fact exists only when, assuming the truth of the non-moving party's evidence and construing all inferences from that evidence in the light most favorable to the non-moving party, there is sufficient evidence for a trier of fact to find for the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

"In deciding a motion for summary judgment, [the] court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). This is not to say that some credibility determinations are beyond what is appropriate in deciding a motion for summary judgment. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1774, 1776 (2007).

B.    First Amendment Claim

A proper first amendment "retaliation" claim must be based on a showing that (1) plaintiff engaged in protected conduct, (2) an adverse action was taken against plaintiff that would deter a person of "ordinary firmness" from continuing to engage in that conduct and (3) there is a causal connection between exercise of

the protected conduct and the adverse action in the sense that the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999)*. Plaintiff asserts that he was retaliated against as a result of the grievance he filed against defendant based on the claimed "sexual assault" perpetrated against him by defendant on December 16, 2006. Defendant argues that this was a false or frivolous grievance and that type of grievance is not "protected conduct." *Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000)*. Plaintiff denies the grievance was false or frivolous and refers to witness statements that he claims support his version of the facts on which the grievance was based. Defendant points to a hearing that was conducted by a Department of Corrections officer, the result of which was a finding that the allegations plaintiff made in his grievance relating to the events of December 16, 2006, were found to be false. (Dkt. 13, Ex. 8). Plaintiff has not challenged that hearing previously and does not challenge it in the present complaint.

Plaintiff fails to demonstrate that the hearing related to the misconduct report did not, as asserted by defendant, address the factual merits of plaintiff's claims in the December 16, 2006 grievance, and included a finding that plaintiff's claims were false. In that plaintiff has not objected to or otherwise challenged the determination that he made false accusations in his grievance regarding the events

of December 16, 2006, he is bound by that finding.  Therefore, the record in this case includes a determination that the alleged "protected conduct" on which plaintiff relies to support his First Amendment retaliation claim was not protected conduct because it was false or frivolous.  *See Herron, supra.*  Therefore, the record establishes that there is no material question of fact in dispute relating to plaintiff's First Amendment claim and it is recommended that summary judgment be granted in defendant's favor on this claim.

  C. <u>Eighth Amendment Claim</u>

  Plaintiff claims a violation of his Eighth Amendment rights relating to an incident where, plaintiff alleges, defendant sexually assaulted him.  Specifically, plaintiff alleges that while defendant was conducting a "shakedown" of plaintiff on December 16, 2006, defendant "started to feel on [plaintiff] more than usual," he "felt below [plaintiff's] waist he felt on [plaintiff's] genitals" and he "grabbed and squeezed [plaintiff's] thighs while exhaling."  (Dkt. 1, ¶ IV).[1]

---

 [1] Defendant has denied the factual allegations, but has not addressed the issue as an Eighth Amendment claim in his motion for summary judgment.  It is not clear from the complaint that an Eighth Amendment claim was stated but the response to the motion does raise such a claim and, therefore, it is being addressed here even though not argued in the motion for summary judgment.

Not every act of improper conduct by a corrections official constitutes a constitutional violation. The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). This amendment is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Sexual abuse of a prisoner by a prison guard may, in some circumstances, violate a prisoner's right to be free from cruel and unusual punishment. *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). However, the conduct must be "objectively, sufficiently serious" to constitute a "harm of federal constitutional proportions." *Id.* In *Boddie*, the court concluded that an incident where a guard squeezed the hand of a prisoner, touched the prisoner's penis and made sexually suggestive comments to the prisoner did not rise to the level of an Eighth Amendment violation. In *Figel v. Stasewich*, 2007 WL 1032371, *10 (W.D. Mich. 2007), the court, citing *Boddie*, found that the defendant prison guard did not violate plaintiff's Eighth Amendment rights where the allegations included the claim that the defendant improperly touched his

genitals during a shakedown and directed plaintiff to walk down a walkway in an embarrassing manner.

In the present case, the allegations made by plaintiff with respect to the events of December 16, 2006, do not describe conduct that is "objectively, sufficiently serious" to constitute a valid claim under the Eighth Amendment.  It was a single incident of limited duration that could not be reasonably considered severe.  Plaintiff refers to *Rodriguez v. McClenning*, 399 F.Supp.2d 228 (S.D.N.Y. 2005) as support for his position.  An examination of the facts in *Rodriguez* indicates that they were significantly more aggravated than those alleged by plaintiff in the present case.  The defendant in *Rodriguez* "repeatedly" groped the plaintiff's genitals and buttocks while making provocative comments.  Under these circumstances, it is recommended that summary judgment be granted in favor of defendant with respect to plaintiff's Eighth Amendment claim.

D.     Fourteenth Amendment Claim

Plaintiff's complaint alleges a due process violation, but it is difficult to discern the factual basis for the claim.  In the portion of the complaint where plaintiff was supposed to provide a statement of his claim, he presents a narrative of the sequence of events that he believes is relevant to the complaint.  The only instance of inappropriate procedure that he mentions is a grievance he filed against

Hearings Officer Jacobson for refusing to include plaintiff's "original statement,"
apparently with respect to the hearing on the "ticket" he received for disobeying
an order given by defendant for a shakedown on February 1, 2007.  Plaintiff's
response to the motion for summary judgment is not very helpful either in
enlightening the Court as to how plaintiff claims his due process rights were
violated.  Plaintiff's response to the second argument made by defendant mixes the
qualified immunity question with the issue of what harm he might have suffered
from the misconduct convictions and it is unclear how his due process rights were
violated.

Defendant's argument that seems to address any potential due process claim
is contained in Section II of his brief supporting the motion.  (Dkt. 13, pp. 5-14).
The argument assumes that plaintiff is challenging the ticket he received on
December 16, 2006 (sexual misconduct) (Dkt. 13, Ex. 1), the ticket he received on
February 1, 2007 (disobeying a direct order) (Dkt. 13, Ex. 4) and the ticket he
received on October 10, 2007 (disobeying a direct order) (Dkt. 1, unnumbered Ex.
attached regarding October 9, 2007, ticket).  Plaintiff does not dispute this
identification and limitation of the transactions on which his claims are based.
Defendant contends that plaintiff cannot claim damages relating to these
misconduct proceedings in a § 1983 action because to do so would call into

question the validity of the proceedings which, defendant argues, is not allowed

where the plaintiff was found guilty of the charges and that determination has not

been invalidated.  Defendant cites *Heck v. Humphrey*, 512 U.S. 477 (1994) and

*Edwards v. Balisok*, 520 U.S. 641 (1997) in support of his position.

In *Heck,* the Supreme Court considered a § 1983 claim for damages by a

state prisoner premised on the assertion that his conviction was invalid.  The Court

concluded that a § 1983 claim could not be maintained when the plaintiff's

conviction had not been set aside in some appropriate manner.  The basis of the

Court's decision was that out of concern for "finality and consistency," the Court

did not want to permit another vehicle for collateral attack of the criminal

conviction.  Such attacks must come through the appropriate remedies provided

for in state court or through a federal habeas corpus action.  *Edwards v. Balisok*

extended the basic principle of *Heck* to disciplinary proceedings in a prison.  That

is to say, the *Edwards* Court determined that a § 1983 action that sought damages

relating to a prison disciplinary proceeding under such circumstances that would

necessarily imply the invalidity of the punishment imposed (loss of good time

credit) is not cognizable under § 1983.

Defendant points out that, following *Edwards,* the application of

*Heck/Edwards* became more complicated with the Supreme Court's decision in

*Spencer v. Kemna*, 523 U.S. 1 (1998). *Spencer* was a state habeas corpus case addressing the standing of a former prisoner to challenge the parole revocation procedure that had been employed in his case. The majority opinion concluded that the "in custody" requirement of a habeas action is determined as of the time the petition is filed, but that a person who has been released from custody must still meet a "collateral consequences" threshold to satisfy Article III's injury-in-fact requirement to have standing to file a habeas action. In response to an issue raised by petitioner in *Spencer*, the majority said that a § 1983 action would not be barred under Heck, if the claim related only to the procedure used in the parole revocation, rather than for reaching the wrong result. *Id.* at 17. However, a four justice concurring opinion went so far as to suggest that once a prisoner is released from "custody," the *Heck* decision and its favorable-termination requirement "have nothing to do with [petitioner's] right to any relief" under § 1983. *Id.* at 21. Defendant asserts that, in essence, plaintiff is still "in custody" based on the loss of good time or disciplinary credits and, therefore, the *Heck* favorable termination requirement bars plaintiff's claims because plaintiff seeks to set aside the major misconduct convictions identified in the pleadings.

Plaintiff responds to argument II in defendant's motion by claiming that the sexual misconduct ticket was written by defendant after plaintiff's sexual assault

grievance and, therefore, defendant could have known about the grievance before the ticket was written. (Dkt. 15, p. 4). While this may be relevant to some issue relating to this case, it is not clear how it is relevant to the issue advanced by defendant in this portion of the brief supporting the motion. Additionally, plaintiff argues that there is no "good time" credit, but there were other potential consequences associated with the administrative convictions for one misconduct with which he was charged. The potential consequences include an increased security level, loss of privileges, denial of parole and the possible negative impact on a future re-sentencing. *Id*. at p. 5. Plaintiff does not address the argument made by defendant that every prisoner, including plaintiff, who receives a major misconduct disciplinary determination suffers a loss of the "disciplinary credits" that the prisoner would normally receive pursuant to MCL 800.33(5) and, therefore, would serve a longer sentence than if the disciplinary credits had been received.

The issue before the Court regarding this particular aspect of defendant's motion for summary judgment is whether the principle of *Heck/Edwards* bars plaintiff's cause of action under § 1983. In *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592 (6th Cir. 2007), the court addressed the question of whether the plaintiff could maintain a § 1983 claim alleging that he

was denied the opportunity to have a indigency hearing before being sent to jail, when he was unable to pay a fine for the traffic offense of which he was convicted. The defendant in that case contended that plaintiff's suit was barred because of the *Heck* favorable-termination requirement in that the underlying conviction had not been invalidated.  Petitioner argued that, because he was no longer incarcerated, he could not meet the in-custody requirement of a habeas case and, additionally, he was not challenging the legitimacy of either his conviction or sentence but merely the procedure employed regarding the indigency hearing, which did not directly challenge the conviction.  The court in *Powers* noted a split in the circuits regarding "the interplay between *Heck* and *Spencer* and ultimately sided with those circuits that "have held that *Heck's* favorable-termination requirement cannot be imposed against § 1983 plaintiffs who lack a habeas option for the vindication of their federal rights."  *Id.* at 602-03.

In the present case, defendant contends that every prisoner who has been found guilty of a major misconduct violation suffers a loss of what the State of Michigan calls disciplinary credits.  A person serving a sentence can get disciplinary credits of five days per month, which can accumulate and be deducted from the prisoner's minimum and maximum in order to determine the prisoner's parole eligibility dates.  Mich. Comp. Laws § 800.33(5).  However, a prisoner

does not earn those disciplinary credits during any month that the prisoner is found guilty of a major misconduct.  *Id.*  Plaintiff has not disputed that these statutory provisions apply to him and, therefore, plaintiff would have lost five days of disciplinary credits for each month he was found guilty of a major misconduct violation.

Plaintiff is still in custody and, presumably, will be in custody for a longer period of time as a result of the loss of disciplinary credits that were a product of the major misconduct violations of which plaintiff was found guilty.  When the focus of the habeas action is prison disciplinary proceedings, the habeas "in-custody" test is a measure of whether the prisoner would be "confined for longer than he otherwise would be."  *Hughes v. Birkett*, 173 Fed.Appx. 448, 2006 WL 786794 (6th Cir. 2006) (cert denied, 549 U.S. 909).  Applying that test to the present situation results in the conclusion that plaintiff would be confined longer than he otherwise would be and, therefore, was "in custody" for habeas jurisdiction.  If he is "in custody," then habeas jurisdiction is available to him and *Heck/Edwards* bars the present suit.

A second exception to the application of the *Heck/Edwards* favorable-termination requirement is where the § 1983 action relates only to the procedure associated with the alleged wrongful conduct and not the result of the wrongful

conduct.  *Powers*, 501 F.3d at 603.  In the present case, plaintiff seeks to have the

**results** of the disciplinary proceedings "expunged" and, therefore, it is clear that

he is challenging the result of the proceedings, not just some procedural aspect of

the proceedings.

Based on this analysis, granting relief to plaintiff necessarily implicates the

validity of the disciplinary proceedings of which plaintiff was convicted, and

plaintiff's suit is, therefore, barred under the *Heck/Edwards* rule.  As indicated

above, neither of the exceptions to the application of the *Heck/Edwards* rule apply

in these circumstances.  In light of this conclusion, it is recommended that

summary judgment be granted in defendant's favor on this claim.

    E.    <u>Immunity</u>

Defendant also contends that he is immune from suit based on immunity

doctrines.  He argues that he is entitled to Eleventh Amendment immunity as well

as qualified immunity.  Plaintiff does not really address the Eleventh Amendment

immunity issue, but does address the qualified immunity defense by submitting

that it should not apply because, he claims, defendant violated his clearly

established constitutional rights.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Jones v. Miller*; Case No. 07-14881

1.     Eleventh Amendment Immunity

Plaintiff alleges in his complaint that the suit is against defendant "in his official and personal capacity."  (Dkt. 1, ¶ III).  A suit against a public official in their "official capacity" is a suit against the public entity that employs the public official.  *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  In this case, defendant is employed by the State of Michigan so a suit against defendant in his official capacity is a suit against the State of Michigan.  "The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court."  *Id.*  The record does not indicate that the State of Michigan has waived its immunity or otherwise consented to being sued and, therefore, the claim cannot be maintained against defendant in his official capacity.  However, the Eleventh Amendment does not bar suit against defendant in his individual capacity.

2.     Qualified Immunity

Defendant claims to be entitled to qualified immunity regarding his actions in this case.  The doctrine of qualified immunity means that "'[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established

19

statutory or constitutional rights of which a reasonable person would have known.'" *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992), quoting, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Defendant bears the burden of pleading qualified immunity, but plaintiff bears the burden of showing defendant is not entitled to qualified immunity.  *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002).

The Supreme Court had established a two part test in order to determine whether a qualified immunity was applicable to a particular situation.  *Saucier v. Katz*, 533 U.S. 194 (2001).  The first part of the test involved a determination of whether the facts of the case, viewed in the light most favorable to the plaintiff, "show the officer's conduct violated a constitutional right." *Id*. at 201.  If the first question was resolved in the affirmative then the court would decide "whether the right was clearly established." *Id*.  If both questions are resolved in the affirmative, then the doctrine of qualified immunity does not apply and the case can proceed.

Very recently, and after the parties had submitted their motions in this case, the Supreme Court revisited their decision in *Saucier* and concluded that mandatory order of the two part test for determining if qualified immunity applied was no longer sound based on several factors including judicial economy.

20

*Pearson v. Callahan*, — U.S. —, 2009 WL 128768 (2009).  While not modifying the factors that should be considered in such a decision, the Court held that sometimes it makes sense to allow the second part of the test to be decided first and that such a decision may resolve the controversy without having to address the first part of the test.  In *Pearson*, the § 1983 claim of the plaintiff was based on an allegedly unlawful search conducted by the defendant police officers.  Without having to engage in the perhaps more complicated decision of determining whether plaintiff's constitutional rights had been violated, the Court found that the constitutional right claimed by plaintiff was not clearly established where lower court case law was consistent with the conduct of the officers and "principles of qualified immunity [should] shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."

Plaintiff asserts that defendant violated his constitutional rights under the First ("retaliation"), Eighth ("cruel and unusual punishment") and Fourteenth ("denial of any fair hearing that was pursued to rectify the claim of sexual misconduct by Officer Miller") Amendments.  (Dkt. 15, p. 10).  Regarding the First Amendment/retaliation claim, as noted earlier, plaintiff does not satisfy the requirements of a retaliation claim because it has been determined that plaintiff

Report and Recommendation
Defendant's Motion for Summary Judgment
*Jones v. Miller*; Case No. 07-14881

made false claims in his grievance against defendant and, therefore, he has not engaged in any protected conduct, which is a necessary predicate to such a claim.

With respect to the Eighth Amendment/cruel and unusual punishment claim, as noted earlier, the factual allegations in plaintiff's complaint, even if true, do not amount to cruel and unusual punishment.  With respect to the Fourteenth Amendment/denial of fair hearing claim, plaintiff has two problems.  The first problem is that any claim he has relating to the hearings associated with the misconduct violations are barred by *Heck/Edwards* and the second problem is that he has not articulated any conduct on the part of defendant relating to the hearings that were conducted on those violations.  Defendant did not conduct the hearings or control the procedure associated with the hearings and did not render any decision with respect to plaintiff's guilt.  Plaintiff simply has not alleged any improper conduct on the part of defendant regarding the hearings that were conducted on his misconduct violations.  Thus, the undersigned suggests that defendant is entitled to qualified immunity.

## IV.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that defendant's motion for summary judgment be **GRANTED** and that plaintiff's claims be **DISMISSED**.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Jones v. Miller*; Case No. 07-14881

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response must not exceed 20 pages in length unless such page limit is extended by the Court.  The response must address specifically, and in the same order raised, each issue contained within the objections by motion and order.  If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: February 11, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

Report and Recommendation
Defendant's Motion for Summary Judgment
*Jones v. Miller*; Case No. 07-14881

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>February 11, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Scott R. Rothermel</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Bernard Jones, #292243, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623</u>.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov
