UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BERNARD JONES, | Case No. 07-14881 |
| Plaintiff, | Bernard A. Friedman<br>United States District Judge |
| v. | |
| | Michael Hluchaniuk |
| JAMES MILLER, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (Dkt. 22)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed the present complaint on November 20, 2007. (Dkt. 2). District Judge Bernard A. Friedman entered a judgment in favor of defendant on February 27, 2009. (Dkt. 19). Plaintiff filed a notice of appeal from that judgment on March 30, 2009. (Dkt. 20). On that same date plaintiff filed a motion for certificate of appealability (Dkt. 21) and a motion to proceed *in forma pauperis*. (Dkt. 22).

On April 1, 2009, the motion for certificate of appealability was referred to the undersigned by Judge Friedman pursuant to 28 U.S.C. § 636(b)(1)(A) for hearing and determination. (Dkt. 25). The motion for certificate of appealability

was denied by the undersigned by order entered on May 11, 2009. (Dkt. 27). The application to proceed *in forma pauperis* was also referred to the undersigned by Judge Friedman pursuant to 28 U.S.C. § 636(b)(1)(A) for hearing and determination, but that order of reference will be construed as a referral pursuant to 28 U.S.C. § 636(b)(1)(B) for report and recommendation due to the recommendation of the undersigned regarding the present motion and the rule in this circuit that magistrate judges cannot deny a motion to proceed *in forma pauperis* based on an order of reference under 28 U.S.C. § 636(b)(1)(A). *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990).

## II.   ANALYSIS AND RECOMMENDATION

While plaintiff's motion to proceed *in forma pauperis* does not cite any authority for his request, such requests are made under the provisions of 28 U.S.C. § 1915. Section 1915(a)(1) requires that a person seeking to proceed "without prepayment of fees or security therefor" must submit an affidavit that "includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." The affidavit must also contain a statement relating to "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Plaintiff has attached an affidavit to

2

his motion that substantially addresses his financial situation but does not address the nature of the action or whether plaintiff is entitled to redress.

Section 1915(a)(2) of Title 28 requires that prisoners attempting to file a case or appeal a judgment in a civil case must additionally submit a certified copy of their trust fund account statement, or institutional equivalent, for the six-month period immediately preceding the filing of the complaint or notice of appeal. Plaintiff has not filed a certified copy of that statement.

Also, and perhaps most importantly, an "appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The undersigned previously held that plaintiff's appeal was not taken in "good faith" in ruling on plaintiff's motion for certificate of appealability. (Dkt. 27). This factor appears to prevent an appeal from proceeding *in forma pauperis* regardless of the party's financial condition. *United States v. Lopez-Guzman*, 2006 WL 897587 (D. Kan. 2006).

Therefore, because plaintiff has not met the requirements of 28 U.S.C. § 1915(a), **IT IS RECOMMENDED** that plaintiff's motion to proceed *in forma pauperis* be **DENIED.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service,

as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

 Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 20, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

 I certify that on <u>May 20, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Scott R. Rothermel</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Bernard Jones, # 292243, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623</u>.

               s/James P. Peltier
               Courtroom Deputy Clerk
               U.S. District Court
               600 Church Street
               Flint, MI 48502
               (810) 341-7850
               pete_peltier@mied.uscourts.gov